IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA     PLAINTIFF

v.     No. 2:13-CR-20041-004

JACQUELINE JOHNSON     DEFENDANT

**<u>ORDER</u>**

Currently before the Court is an unopposed motion to reduce Defendant Jacqueline Johnson's sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines ("USSG") Amendments 782 and 788. (Doc. 244). The motion also requests clarification as to the Court's intent to run Ms. Johnson's federal sentence concurrently with her state sentence. Prior to being appointed counsel, Ms. Johnson had also filed, *pro se*, a motion to reduce/correct her sentence. (Doc. 231). Having reviewed the motion and the record, the Court finds that the second motion to reduce sentence (Doc. 244) should be granted in part and denied in part, and the first motion will be terminated as moot.

Ms. Johnson's original guidelines sentencing range was 92 to 115 months. At sentencing, the Court varied downward to impose a sentence of 77 months. Although Ms. Johnson would otherwise be eligible for reduction of her sentence pursuant to the USSG amendments, calculating her guidelines range after application of the amended guidelines results in an amended guidelines range of 77 to 96 months. Pursuant to USSG § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range . . . ." Because Ms. Johnson was already sentenced to the minimum of the amended guideline range—77 months—and the Court

cannot sentence her below that, Ms. Johnson's motion for reduction of her sentence must be denied.

The Court will, however, grant Ms. Johnson's request to clarify her sentence. While the Court recognizes that the Bureau of Prisons ("BOP") is ultimately responsible for determining what credit Ms. Johnson will receive, it was and is the Court's intent to recommend that the federal sentence imposed in this case run concurrently with Ms. Johnson's previously imposed state-court sentence and that the BOP designate *nunc pro tunc* the state facilities of confinement as sites for Ms. Johnson to serve her federal sentence. *See Elwell v. Fisher*, 716 F.3d 477 (8th Cir. 2013).

IT IS THEREFORE ORDERED that Ms. Johnson's motion for reduction of her sentence (Doc. 244) is DENIED insofar as her sentence is not reduced pursuant to USSG amendments and GRANTED insofar as the Court clarifies its intention that her sentence run concurrently with her previously imposed state-court sentence.

Ms. Johnson's original motion (Doc. 231) is TERMINATED AS MOOT as superseded by the motion filed by her appointed counsel. The Court did, however, read and consider Ms. Johnson's motion in making the findings contained in this order.

IT IS SO ORDERED this 14th day of April, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE