IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

V.                          Case No. 2:13-CR-20041-PKH-MEF-4

JACQUELINE JOHNSON                                    DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed July 25, 2016.  (Doc. 286)  The United States filed its response on September 12, 2016.  (Doc. 293)  Petitioner did not file any reply.  The matter is ready for report and recommendation.

## I. Background

On June 5, 2013, Defendant/Petitioner, Jacqueline Johnson ("Johnson"), was named in a multi-defendant Indictment charging her with conspiracy to distribute methamphetamine (Count One), in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Doc. 1)  Johnson was arrested on June 11, 2013, and she appeared for arraignment on June 13, 2013, at which time she entered a not guilty plea to the Indictment.  (Doc. 27)  Phillip A. Moon ("Moon"), a Criminal Justice Act panel attorney, was appointed to represent Johnson.  (Docs. 27, 37)  Moon filed a Notice of Request for Discovery (Doc. 31) on behalf of Johnson on the same date.  The government responded to Johnson's discovery request on June 28, 2013, and requested reciprocal discovery from Johnson.  (Doc. 76)

After two continuances, Johnson appeared with her counsel before the Hon. P. K. Holmes, III, Chief District Judge, on December 4, 2013 for a change of plea hearing.  (Doc. 107)  A written plea agreement (Doc. 108) was presented to the Court, and Johnson pleaded guilty to Count One of

-1-

the Indictment charging her with conspiracy to distribute methamphetamine.  (Doc. 107)  Upon determining that Johnson was satisfied with her counsel; having explained the possible severity of sentence and her rights; and, finding that her plea was voluntary and supported by a factual basis, the Court accepted Johnson's plea of guilty and ordered a Presentence Investigation Report ("PSR"). (Doc. 107)

An initial PSR was prepared by the United States Probation Office on March 19, 2014.  (Doc. 118)  On April 7, 2014, both the government and Johnson advised they had no objections to the initial PSR.  (Docs. 136, 139)

On April 22, 2014, a final PSR was submitted to the Court.  (Doc. 156)  The final PSR determined that Johnson was accountable for 177.1875 grams of methamphetamine and, as a result, her base offense level was determined to be 26.  (Doc. 156, ¶¶ 18, 23)  No specific offense characteristics adjustments, victim related adjustments, role in the offense adjustments, or obstruction of justice adjustments were made, and no Chapter Four enhancements were applied. (Doc. 156, ¶¶ 24-27, 29)  After a three-level reduction for acceptance of responsibility, Johnson's total offense level was determined to be 23.  (Doc. 156, ¶¶ 30-32) Johnson's lengthy criminal history resulted in a total criminal history score of 14, placing her in criminal history category VI.  (Doc. 156, ¶¶ 55-57)  The statutory maximum term of imprisonment for the offense of conviction was 20 years.  (Doc. 156, ¶ 83)  Based upon a total offense level of 23 and a criminal history category of VI, Johnson's advisory guideline range was determined to be 92 to 115 months imprisonment.  (Doc. 156, ¶ 84)

Johnson appeared for sentencing on June 11, 2014.  (Doc. 198)  The Court made inquiry that Johnson was satisfied with her counsel; the PSR was reviewed and adopted; Johnson and her counsel

were afforded an opportunity to speak; and, the Court varied downward and imposed a below-guidelines sentence of 77 months imprisonment, three years supervised release, no fine, and a $100.00 special assessment.  (Doc. 198)  Judgment was entered by the Court on June 11, 2014. (Doc. 203)  The Court's Statement of Reasons set forth the Court's view that "the guideline range was greater than necessary to comply with the purposes of sentencing, and that a sentence of 77 months is appropriate in light of the factors under 18 U.S.C. § 3553(a)."  (Doc. 204, p. 3)  More specifically, the Court found that because of her criminal history, the guideline range was higher than that of defendants who have been guilty of similar conduct; and, that while Johnson has a significant criminal history, it does not include any violent offenses and is mostly related to her drug addiction problems.  (*Id.*)

Johnson did not pursue a direct appeal from the Judgment.

On February 4, 2015, Johnson filed a *pro se* Motion to Reduce or Correct a Sentence based on the revisions to the United States Sentencing Guidelines Amendments along with a pro se Motion to Appoint Counsel.  (Docs. 229, 231)  Bruce Eddy, Federal Public Defender, was appointed in connection with the motion for sentence reduction.  (Doc. 230)  On April 8, 2015, Johnson's appointed counsel filed an unopposed Motion to Reduce Sentence based on the United States Sentencing Guidelines Amendments.  (Doc. 244)  On April 14, 2015, the Court issued an Order granting in part and denying in part the Motion.  (Doc. 247)  The Court denied the request to reduce Johnson's sentence based on the revisions to the United States Sentencing Guidelines because Johnson's original sentence was the result of a downward variance to 77 months, and her guideline range after application of the amended guidelines was 77 to 96 months; thus, Johnson was already sentenced within the amended guideline range and the Court could not sentence her below that level.

-3-

(*Id.*)  The Court granted Johnson's request for clarification of her sentence and stated that Johnson's federal sentence was to run concurrently with her previously imposed state sentence.  (*Id.*).

On February 8, 2016, Johnson filed a *pro se* Motion for Reconsideration pursuant to 18 U.S.C. § 3742(e) Post Sentencing Rehabilitation Program asking the Court to reduce her sentence based on post-sentence rehabilitation.  (Doc. 274)  The Court denied the Motion on May 12, 2016. (Doc. 276)  On June 28, 2016, Johnson sent a letter to the Court, again requesting a sentence reduction based upon her post-sentence rehabilitation.  (Doc. 283)  The Court construed the letter as a motion for sentence reduction and, as set forth in its previous Order (Doc. 276) on this issue, advised Johnson that the Court cannot reduce her sentence based on post-conviction rehabilitation and denied the motion.  (Doc. 284)  As to Johnson's inquiry in her letter regarding how to go about challenging her sentence on the basis of ineffective assistance of counsel, the Court advised Johnson that such challenges are made pursuant to 28 U.S.C. § 2255, and it directed the Clerk to mail Johnson a form AO 243.  (*Id.*)

On July 25, 2016, Johnson filed her *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "motion").  (Doc. 286)  The motion raises one ground for relief: "attorney misconduct" in that her counsel at sentencing "would not give [her] a copy of [her] plea or [her] appellate rights," and "he also agreed to a binding plea agreement which I was unaware of and had no idea what that even meant to the future of my case." (Doc. 286, p. 4)  As to post-conviction proceedings, Johnson states she was "unaware I had that right," and "I am just now filing my 2255 per recommendation of Judge P. K. Holmes, III."  (*Id.*)  Johnson left the timeliness section of her petition blank.  (Doc. 286, p. 12)  Johnson failed to sign and verify her petition.  (Doc. 286, p. 13)

-4-

The United States' Response to the Motion was filed on November 24, 2014. (Doc. 55) Johnson did not file a reply.

On November 28, 2016, Johnson filed yet another motion for reconsideration of the Court's denial of her request for sentence reduction based on her post-conviction rehabilitation. (Doc. 294) For the same reasons set out in the Court's earlier Orders (Docs. 276, 284), that motion was denied by Text Only Order entered on November 29, 2016.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Johnson's motion and the files and records of this case conclusively shows that Johnson is not entitled to relief, and the undersigned recommends the denial and dismissal of her motion with prejudice without an evidentiary hearing.

### A. Lack of Signature and Verification

28 U.S.C. § 2242 provides that an "[a]pplication for a writ of habeas corpus shall be in

writing *signed and verified* by the person for whose relief it is intended or by someone acting in his

behalf."  (Emphasis added.)  Rule 2(b)(5), Rules Governing § 2255 Proceedings, similarly requires

that the motion "be signed under penalty of perjury by the movant or by a person authorized to sign

it for the movant."  Johnson did not sign and verify her § 2255 motion.  (Doc. 286, p. 13)

A court may dismiss a petition that has not been signed and verified in compliance with the

statutory requirements.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  The United

States has not raised any objection to Johnson's failure to sign and verify her motion, arguing instead

that it is untimely.  Given the history of this case, including the amount of time that has passed since

the motion was filed, the lack of any objection to the signature and verification requirement by the

government, and Johnson's *pro se* status, the undersigned does not believe that dismissing the

motion without prejudice is called for or justified.  "The defects noted appear to be an oversight and

do not deprive this Court of jurisdiction."  *Hendricks*, 908 F.2d at 491. "They are thus defects that

the Court, if it sees fit, may disregard." *Id*.; *see also Quinn v. Dooley*, 272 F.Supp.2d 839, 845

(D.S.D. 2003).  The undersigned will, therefore, proceed to address Johnson's motion.

## B.  Timeliness

A one year period of limitation applies to motions under 28 U.S.C. § 2255.  This period runs

from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on

which the impediment to making a motion created by governmental action in violation of the

Constitution or laws of the United States is removed, if the movant was prevented from making a

motion by such governmental action; (3) the date on which the right asserted was initially recognized

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting

the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires.  *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008).  The Judgment in this case was entered on June 11, 2014.  (Doc. 203)  Had Johnson wished to file an appeal, she was required to do so within 14 days.  *See* Fed. R. App. P. 4(b)(1)(A)(i).  Johnson did not file an appeal, and her conviction thus became final on June 25, 2014.  *See Murray v. United States*, 313 F.App'x 924 (8th Cir. 2009).  From that date, Johnson had one year, or until June 25, 2015, to timely file her § 2255 habeas petition.  Johnson's § 2255 motion was filed on July 25, 2016, well after the limitations period expired.  Because the motion has been filed beyond the one year period of limitation, the government contends the motion should be dismissed.  The undersigned agrees.

In *Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at pp. 2-3 (W.D. Mo. Jan. 26, 2010) (unpublished), the government's motion to dismiss petitioner's § 2255 motion was granted where the motion was filed *one day* out of time.  Here, Johnson's § 2255 motion was filed 13 months out of time.

"Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways – you can be sure [petitioner] would not be pooh-poohing the prosecution's tardiness if [he] had been indicted one day after the statute of limitations expired for [his] crimes."  *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Accordingly, unless either statutory or equitable tolling applies, Johnson's § 2255 motion was

not timely filed and should be dismissed.

### 1. Statutory Tolling

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2)-(4). Johnson's § 2255 motion sets forth nothing in support of any of these statutory grounds to extend the one year limitations period.

Johnson does not allege that the government impeded or prevented her in any way from timely filing her § 2255 motion. She alleges no right newly recognized by the United States Supreme Court made retroactively applicable to cases on collateral review that supports an extension of time to file her § 2255 motion. Nor does Johnson allege that she recently discovered new facts supporting her claims, or, that the factual predicates for her claims could not have been discovered through the exercise of due diligence within the limitations period. Consequently, there is no factual basis to find that any of the § 2255(f) statutory provisions for extending the one year period to file beyond when the date of conviction becomes final apply to this case. Unless equitable tolling applies, Johnson's § 2255 motion was not timely filed and should be dismissed.

### 2. Equitable Tolling

The one-year time limit for filing a § 2255 motion is not a jurisdictional bar, *see Moore v.*

*United States*, 173 F.3d 1131, 1134 (8th Cir. 1999); and, the Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

In the present case, Johnson has not argued that any extenuating circumstances beyond her control prevented a timely filing, nor has she even relied on the doctrine of equitable tolling. Johnson does not claim that anything the government has done made it impossible or difficult for her to uncover the facts that she now asserts in support of her claims. She does not allege that some action of the government lulled her into inaction. She does not refer to any extraordinary circumstances, attributable to the government or to any other cause, that prevented her, in the exercise of reasonable diligence, from discovering the facts upon which her claims are based soon enough to enable her to bring a timely habeas petition. In sum, Johnson does not claim that any wrongdoing on the part of the government prevented her from filing a timely petition, nor does she show why she did not assert her claim within the one-year statute of limitations.

Johnson's motion, which is completely silent on the issue of timeliness, fails to allege any "extraordinary circumstances" beyond her control that prevented her from timely filing her § 2255 motion. Johnson's only position is her statement that "I was unaware I had that right." (Doc. 286, p. 4) This is insufficient to equitably toll the limitations period. *See Cross-Bey v. Gammon*, 322

F.3d 1012, 1015-16 (8th Cir. 2003) (unrepresented prisoner's lack of legal knowledge does not support equitable tolling); *United States v. Griffin*, 58 F.Supp.2d 863, 869 (E.D. Ill. 1999) (limitations period would not be equitably tolled on basis of run-of-the-mill claim of ignorance of the law) (internal citations omitted).

Further, Johnson has not shown that she exercised due diligence in the pursuit of her rights. Johnson claims that her counsel failed to give her a copy of her plea agreement or explain her appeal rights at sentencing. (Doc. 286, p. 4) These alleged facts would have been clearly known to Johnson at the time of her sentencing. 13 months after the expiration of the one-year limitations period, Johnson now asserts claims that could have, and should have, been raised during the limitations period. In so doing, she alleges no new facts that would explain a delay in bringing her claims. She has failed to allege and establish any factual basis whatsoever to fit within the "exceedingly narrow window of relief" that equitable tolling provides. *See United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015) (trial counsel's incorrect legal advice regarding deadline to file § 2255 motion was not "extraordinary circumstance" warranting equitable tolling) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007)); *United States v. Armenta*, 165 F.App'x 578, 579, 2006 WL 205415 (10th Cir. 2006) (unpublished) (attorney's failure to timely provide movant with copy of movant's case file did not toll limitations period, where facts supporting movant's claim of ineffective assistance of counsel were known to movant at time of sentencing); and, *United States v. Cook*, 105 F.Supp.2d 1013, 1014-15 (E.D. Wis. 2000) (limitations period was not tolled by counsel's alleged failure to advise movant of availability of post-conviction remedies).

Johnson's failure to timely file her § 2255 motion is her fault alone. Accordingly, because Johnson's § 2255 motion has been filed beyond the applicable one-year period of limitation, and

neither statutory tolling nor equitable tolling are applicable, her motion should be summarily dismissed as untimely.

### C.  Ineffective Assistance of Counsel Claim

Even if the Court were to address the merits of Johnson's ineffective assistance of counsel claim, Johnson has provided insufficient factual support for the claim to survive summary dismissal.

To prove a claim of ineffective assistance of counsel, Johnson must demonstrate both that counsel's performance was deficient and that counsel's deficient performance prejudiced her defense.  *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases."  *Id*., 466 U.S. at 688.  Review of counsel's performance is deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*., 466 U.S. at 689.  To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*., 466 U.S. at 694.

### 1.  Validity of Johnson's Guilty Plea

Johnson pleaded guilty to the offense of conviction.  When a guilty plea is entered by the movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the guilty plea.  *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984), citing *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).  As the Court in *Tollett* so eloquently observed:

> ". . . a guilty plea represents a break in the chain of events which has

preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  *He may only attack the voluntary and intelligent character of the guilty plea* by showing that the advise he received from counsel was not within the standards set forth in *McMann*[1].

A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, (internal citation omitted) it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings."  *Id*., 411 U.S. at 267. (Emphasis added.)

The rationale and ruling of *Tollett*, while a decision concerning a state prisoner's habeas claims, has been adopted by the Eighth Circuit for application to motions made by federal prisoners under 28 U.S.C. § 2255.  *See Bass*, 739 F.2d at 406.

The standard for determining the validity of a guilty plea remains whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), citing *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), *Machibroda v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962), and *Kercheval v. United States*, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927).  "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations

---

[1] *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970) (If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases.")

during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). A defendant has a heavy burden to overcome those admissions and show that her guilty plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

In the present case, Johnson was represented by experienced counsel, Phillip A. Moon, a CJA panel attorney, throughout the criminal proceedings leading to and including the change of plea hearing. Prior to the change of plea hearing, Moon had prepared and filed an appropriate notice of discovery request (Doc. 31), and he had negotiated a written plea agreement with the Assistant United States Attorney prosecuting the case. Moon carefully reviewed every part of the plea agreement with Johnson before obtaining Johnson's signature on it. (Doc. 108, ¶ 26) The plea agreement informed Johnson of the count of conviction, being Count One of the Indictment (charging Johnson with conspiracy to distribute methamphetamine). (Doc. 108, ¶ 1) Johnson acknowledged that she had fully discussed with her counsel the facts of the case and the elements of the crime to which she was pleading guilty; she agreed that she had committed each of the elements of the crime to which she was pleading guilty; and, she admitted the factual basis for the plea of guilty. (Doc. 108, ¶ 2) The plea agreement advised Johnson of her constitutional and statutory rights, including the right to persist in her plea of not guilty. (Doc. 108, ¶ 3) By signing the plea agreement, Johnson acknowledged that she had read the agreement and had carefully reviewed every part of it with her counsel; that she fully understood the plea agreement and was not under the influence of anything that could impede her ability to fully understand it; that no promises, agreements, understandings, or conditions had been made or entered into in connection with the

decision to plead guilty except those set forth in the plea agreement; that she was satisfied with the legal services provided by her defense counsel in connection with the plea agreement and matters related to it; and, that she entered into the plea agreement freely, voluntarily, and without reservation, and that her desire to enter a plea of guilty was not the result of any threats or coercion. (Doc. 108, ¶ 25)

During the change of plea hearing on December 4, 2013, Johnson was sworn on oath and examined about the offense; the Court inquired of Johnson about her age and level of education; inquiry was made as to whether Johnson was under the influence of alcohol or drugs, and whether she was able to comprehend the proceedings; inquiry was made as to whether Johnson was satisfied with her counsel; the possible severity of sentence was explained, as well as Johnson's constitutional and statutory rights; and, upon such inquiry in open court, the Court determined that Johnson's guilty plea to Count One of the Indictment was voluntary and intelligent, and that there was a factual basis to support the guilty plea. (Doc. 107)

Johnson does not allege in her § 2255 motion that her claim of ineffective assistance of counsel rendered her guilty plea involuntary, unintelligent, and invalid; but, instead, she vaguely claims that "my attorney at sentencing would not give me a copy of my plea or my appellate rights," that "[h]e also agreed to a binding plea agreement which I was unaware of," and "I had no idea what that even meant to the future of my case. (Doc. 286, p. 4)

Though a § 2255 motion is to be liberally construed, the petition *must assert facts* regarding counsel's alleged deficient performance. *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001). Johnson simply does not assert any supporting facts regarding how counsel's alleged failure to give her a copy of her plea agreement, or to explain her appellate rights at sentencing, affected her

-14-

plea of guilty.  Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986). *See also: Blackledge v. Allison*, 431 U.S. at 74 (solemn declarations in open court carry a strong presumption of verity; subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); and, *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (brief, conclusory allegations that failed to cite to the record insufficient to support claims of ineffective assistance of counsel).

Contrary to Johnson's allegation that her counsel entered into a binding plea agreement she was unaware of, the record shows otherwise.  As noted above, she acknowledged in the written plea agreement, which she signed, that she had fully discussed the facts of the case with her counsel; that she had read the agreement and had carefully reviewed "every part of it" with counsel; and, that she was satisfied with the legal services provided by her counsel in connection with the plea agreement and matters related to it.  (Doc. 108, ¶¶ 2, 25)  Johnson fails to offer any details to support her vague claim suggesting that defense counsel failed to adequately explain the plea agreement – and the ramifications of the plea agreement – to her.  She does not allege, e.g., that her counsel never (or rarely) came to see her to discuss her case; that her counsel failed to review and discuss the plea agreement with her; or, that she had questions or concerns regarding the consequences of the plea agreement that counsel failed to address with her.  In sum, to the extent Johnson's § 2255 motion does not specifically challenge the voluntary and intelligent character of her guilty plea, it is deficient and subject to dismissal.

Since Johnson has failed to show that her counsel's performance was deficient regarding this

issue, there is no need to address the second *Strickland* prong of prejudice.  *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (if a movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim).  Even so, Johnson has not asserted that but for her counsel's allegedly deficient performance – in failing to explain what the plea agreement "meant to the future of [her] case" – she would not have pleaded guilty and would have insisted on going to trial.  She has not, therefore, met the prejudice requirement where a guilty plea is challenged.  *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (where a guilty plea is challenged under the second prong of the *Strickland* test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial"); and, *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011) (no facts to show that counsel's advice during plea negotiations "fell below an objective standard of reasonableness," and that there exists "a reasonable probability that, but for counsel's errors, [defendant] would not have [pleaded] guilty and would have insisted on going to trial").

### 2. Failure to Provide Copy of Plea Agreement and Appellate Rights at Sentencing

Johnson argues that her counsel engaged in "attorney misconduct" when he failed to "give me a copy of my plea or my appellate rights" at sentencing.  (Doc. 286, p. 4)  Johnson provides no supporting facts.  The argument is conclusory, contrary to the record, and lacks merit.

As mentioned above, vague and conclusory allegations are insufficient to state a ground for relief under 28 U.S.C. § 2255.  *Hollis*, 796 F.2d at 1046; *Blackledge*, 431 U.S. at 74; *Smith*, 677 F.2d at 41; *Bryson*, 268 F.3d at 562.  Even *pro se* litigants must state specific facts in support of their claims regarding counsel's allegedly deficient performance.  *Saunders*, 236 F.3d at 952-53.  Johnson does not.  She completely fails to specify *how* such alleged "attorney misconduct" prejudiced her

-16-

case.

Johnson's chief complaint is an alleged lack of knowledge concerning her appellate rights. Contrary to Johnson's bare allegation that "I was unaware I had the option of appeal" (Doc. 286, p. 4), the Court advised Johnson of her appellate rights in detail at sentencing.  (Doc. 198; Doc. 233, p. 9)  Notably, Johnson does not even allege that she wanted to appeal some aspect of her sentence, nor that she instructed her defense counsel to file an appeal on her behalf.  Given the circumstances, there was no valid reason to do so.

Johnson pleaded guilty to the offense of conviction, and she did not seek to withdraw her guilty plea prior to sentencing, so there were no appealable issues as to her guilt.  Her guilty plea also foreclosed any constitutional issues that could have been raised prior to the guilty plea.  "A defendant's knowing and intelligent guilty plea forecloses 'independent claims relating to the deprivation of constitutional rights that occurred prior to the guilty plea.'"  *United States v. Vaughn*, 13 F.3d 1186, 1187 (8th Cir. 1994) (quoting *Tollett*, 411 U.S. at 267).

Further, Johnson voiced no objections to the PSR, so there were no grounds to appeal any application of the Guidelines as reported in the PSR.  "A fact in a PSR to which the defendant has not specifically objected is a fact admitted by the defendant."  *See United States v. Abrica-Sanchez*, 808 F.3d 330, 334 (8th Cir. 2015) (quoting *United States v. White*, 447 F.3d 1029, 1032 (8th Cir. 2006)).

Finally, Johnson's counsel at sentencing argued for a downward variance based on the sentencing factors in 18 U.S.C. § 3553(a).  Specifically, counsel addressed Johnson's addiction to drugs in support of a downward variance.  (Doc. 233, pp. 5-6)  Considering Johnson's history and characteristics of drug abuse, and seeking to avoid unwarranted sentence disparity, the Court varied

downward two levels from the advisory Guidelines range of 92 - 115 months to impose a below-Guidelines sentence of 77 months imprisonment. (Doc. 233, pp. 7-8)

Based on these facts, there is no reason to believe that a rational defendant in Johnson's position would want to appeal. For an ineffective assistance of counsel claim to succeed on the basis of failing to file an appeal, a petitioner must clearly establish either (1) that she instructed counsel to file a notice of appeal and counsel did not file one, or (2) that counsel failed to consult defendant about an appeal in a situation where a rational defendant in these circumstances would want to appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477-80, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Here, Johnson does not allege that she instructed Moon to file an appeal. "Counsel cannot act on an instruction that is not received, either orally or in writing." *Parsons v. United States*, 505 F.3d 797, 799 (8th Cir. 2008).

Moreover, even if Moon failed to discuss whether or not to appeal with Johnson, such failure does not necessarily mean Moon rendered ineffective assistance. Considering the result, and the sparse allegations in the pending motion, there is no objective indication that Johnson wanted to appeal her sentence. Prejudice must still be shown. In order to do so, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with defendant about an appeal, the defendant would have timely appealed. *See Flores-Ortega*, 528 U.S. at 484. In the instant case, there is no evidence in the record, or any allegations offered by Johnson, to demonstrate that but for Moon's alleged failure to consult with Johnson regarding her appeal rights, that she would have timely appealed.

Because there is no evidence that Johnson made her desire to appeal apparent to counsel, or that a reasonable attorney would have reason to think Johnson would want to appeal, Johnson's

claim of ineffective assistance of counsel for failure to provide advice of her appellate rights fails.

### C.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985).  Such are the circumstances in this case where Johnson has alleged virtually no facts to support her claim. Accordingly, the undersigned recommends the summary dismissal of Johnson's § 2255 Motion without an evidentiary hearing.

### III.  Conclusion

For the reasons and upon the authorities discussed above, Johnson's claims are, first, untimely, and second, vague, conclusory, and unsupported by the record in this case.  I recommend that Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 286) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of February, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-19-